# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition to Modify the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing, is on file)*

**Name of Offender:**  Rosslyn Elaine Hedden                **Docket Number:**  2:16CR0044-01

**Name of Judicial Officer**:   Honorable Morrison C. England, Jr., Chief United States District Judge

**Date of Original Sentence:**   6/19/2012

**Original Offense:** 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 846 – Conspiracy to Manufacture More than 50 Grams of Methamphetamine (Class B Felony)

**Original Sentence:** 95 months custody Bureau of Prisons; 4 years Supervised Release; $100 Special Assessment; Mandatory drug testing; No firearms; DNA collection

**Special Conditions:**

Drug/Alcohol Treatment to Include Testing
Abstain From Alcohol
Warrantless Search

**Type of Supervision:**   Supervised Release

**Date Supervision Commenced:**   11/2/2015

**Other Court Actions:**

3/03/2016:      Jurisdiction was transferred from the Western District of Missouri to the Eastern District of California.

# PETITIONING THE COURT

**To modify the conditions of supervision as follows:**

4. The defendant shall be monitored for a period of 120 days, with location monitoring technology, which may include the use of radio frequency (RF) or Global Positioning System (GPS) devices, at the discretion of the probation officer. The defendant shall abide by all technology requirements and shall pay the costs of location monitoring based upon their ability to pay as directed by the probation officer. In addition to other court-imposed conditions of release, the defendant's movement in the community shall be restricted as follows:

    a. The defendant shall be restricted to her residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer; (Home Detention)

**Justification:** According to the Placer County Sheriff's Report Number 16-2151, on February 28, 2016, the defendant and two other people were questioned when they were found in a campground that was closed for the season. One of the individuals provided several different names but when he finally gave his true name, a record check revealed a federal warrant had been issued for him.

The defendant had previously requested permission to associate with this individual but her request was denied. He was in violation status and was a resident at a Residential Reentry Center. This individual later left the facility without permission and consequently, a warrant was ordered.

The defendant was aware she was not to have contact with this individual and she also knew a warrant had been issued for his arrest, but she still maintained contact with him. Even after she had been admonished for being in his company on February 28, 2016, she continued to communicate with him while he was in custody at the Placer County Jail.

The defendant willfully failed to abide by her conditions of supervision and the instructions of the probation officer. To address this conduct, a controlling strategy should be imposed based the nature of the violation conduct. It is felt that 120 days on location monitoring will impress upon the defendant the seriousness of her actions and will hopefully deter further violation conduct. While on location monitoring, she will remain at her residence except for activities approved in advance by the probation officer. Though she cannot physically be monitored around the clock, her activities and times outside the home will be curtailed and structured, thus decreasing the risk of further violation conduct. The defendant is in agreement with the modification request and a signed waiver is on file.

It is understandable how offenders develop a relationship with one another but most of these relationships do not end well; with one or both returning to custody, especially if one offender is not stable and making a positive adjustment on supervision. Though the defendant has been making a positive adjustment, this other individual has not and there are concerns he could have a negative influence on her.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Kris M. Miura* |
|  | **Kris M. Miura**<br>**United States Probation Officer**<br>Telephone: 916-683-3323 |
| **DATED:** March 9, 2016 | Reviewed by, |
|  | */s/ Brenda Barron-Harrell* |
|  | **Brenda Barron-Harrell**<br>**Supervising United States Probation Officer** |

**THE COURT ORDERS:**

☒  Modification approved as recommended.

☐  Modification not approved at this time.  Probation Officer to contact Court.

☐  Other

**Dated:  March 10, 2016**

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

CC:

United States Probation

Assistant United States Attorney: To be assigned

Defense Counsel: To be assigned